ACCEPTED
15001 1518

### *United States District Court*
### *Eastern District of Michigan*

| | |
|---|---|
| Myron Webster, | **Complaint No.:** |
| Plaintiff, | **Plaintiffs COMPLAINT** |
| v. | Case: 2:24-cv-12035 |
| Consumer Credit Union, | Assigned To : Grey, Jonathan J.C. |
| Arbor Professional Solutions Inc, | Referral Judge: Stafford, Elizabeth A. |
| | Assign. Date : 8/5/2024 |
| Defendants. | Description: CMP WEBSTER V |
| | CONSUMER CREDIT UNION ET AL. (SH) |

Plaintiff Myron Webster ("Plaintiff"), by his undersigned attorneys, alleges the following against the Defendants Consumer Credit Union ("CCU") and Arbor Professional Solutions Inc (APSI), alleges as follows:

### **NATURE OF ACTION**

1. Plaintiff brings claims against the defendants pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq* and the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"). Jurisdiction of this court arises under 15 U.S.C § 1681(P), 15 U.S.C § 1692 K(d), because a substantial part of the events, omissions, or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("CCU") and (APS) transact business in Michigan.

### **PARTIES**

2. Plaintiff Myron Webster is a natural person, residing in Wayne County in the State of Michigan.

3. Mr. Webster is a "consumer" as defined in 15 U.S.C § 1681a(c).

4. Upon information and belief, Consumer Credit Union (hereinafter "CCU") is a financial institution and is licensed to do business in the State of Maryland, with a principal address of 7200 Elm Valley Drive Kalamazoo, MI 49077-0525

5. CCU regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with the consumer(s), 15 U.S.C. §1681s-2(b), and is a "furnisher" under the FCRA.

6. Arbor Professional Solutions Inc (hereinafter "APS") is a financial institution with a principal address of 2090 S. MAIN ST. ANN ARBOR, MI 48103 USA

7. APS regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with the consumer(s), 15 U.S.C. §1681s-2(b), and is a "furnisher" under the FCRA.

8. APS is a debt collector as defined by 15 U.S.C 1692a(6).

9. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## BACKGROUND
## THE FCRA

10. The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting and that:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." 15 U.S.C § 1681.

## ALLEGATIONS

11. Plaintiff adopts and realleges the foregoing as fully restated herein.

12. The Plaintiff obtained a personal loan from Consumer Credit Union in or around November of 2018.

13. At some point thereafter, the Plaintiff was unable to make payments and the account was charged off.

14. CCU in turn sent the account to APS in an attempt to try and collect the alleged debt from the Plaintiff in or around November of 2023.

15. APS placed the collection account on the Plaintiffs credit report stating that he owed a balance of $1766.

16. CCU was also reporting the debt on the Plaintiff's credit report stating that he owed $1922 with Equifax and Transunion and a balance of $1935 with Experian.

17. The defendants CCU and APS are reporting these accounts as duplicate accounts on the Plaintiff's consumer report. CCU and APS actions led the plaintiff credit report to state, incorrectly, that Mr. Webster was delinquent on two debts when he was only delinquent

on one, and that he had twice the amount of delinquent debt than was truly the case. These accounts from CCU and APS are reporting different balances, different date of first delinquencies, and different account numbers making it appear as if the Plaintiff owes two separate debts instead of one debt to CCU. Furthermore, there is no indication under the comments or remarks section that shows that the account was transferred or sold to APS. The plaintiff included in his dispute letter that the defendants were reporting the account as duplicate accounts yet both defendants failed to update the accounts. Furthermore, APS is reporting the account as in dispute on the Plaintiff's credit report yet CCU failed to mark the account as being in dispute which makes it seems as if they are two separate debts with one being in dispute and the other is not which is inaccurate and materially misleading.

18.  The inaccuracy of the duplicate reporting drastically lowered the Plaintiff's credit score and is materially misleading, and affects the Plaintiffs debt to income ratio.

19. APS chose to further the false and deceptive representation and means in an attempt to collect a debt by reporting a duplicate account that was inaccurate and that prevented the credit report from accurately reflecting Plaintiff's true credit worthiness.

20. APS communicated with Equifax, Experian, and multiple third parties credit information that was known to be false due to the Plaintiff's dispute which is a violation of 15 U.S.C 1692e(8).

21. Equifax, Experian, and Trans Union are national consumer reporting agencies that are in the regular course of business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing reports as defined in 15 U.S.C § 1681a(d)(1).

22. The consumer reporting agencies are not a party in this case.

23. On or about June of 2024, the plaintiff obtained his Equifax, Trans Union and Experian consumer reports.

24. At that time the plaintiff discovered that the information furnished by CCU and ASP on the consumer reports were incomplete and inherently inaccurate.

25. The plaintiff disputed the completeness and accuracy of the account on or about June of 2024

26. On or about July of 2024, the plaintiff received dispute results from Equifax, Transunion, and Experian **(Exhibit A).**

27. After reviewing the dispute results, the Plaintiff discovered that CCU failed to mark the account as being in dispute on his Equifax, Transunion, and Experian report.

28. CCU's failure to not mark the account as being in dispute materially lowers the plaintiff's credit score by failing to note Plaintiff's dispute. *Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).*

29. Further review of the dispute results showed the balance remains inaccurate for CCU on Equifax, TransUnion and Equifax. The balance history for CCU is inaccurate and incomplete. On the CCU account on Equifax the credit limit is not reporting, the date closed is missing, On Transunion the terms are inaccurate, the monthly payment is inaccurate, the balance is inaccurate, and on Experian the balance is inaccurate, the status is inaccurate, the monthly payment is missing, and the balance payment history is inaccurate. CCU failed to mark the account as being in litigation.

30. Further review of the dispute results showed the payment history remained inaccurate for APS. The date of first delinquency is reporting as April 2023 for APS which is inaccurate

as the date of first delinquency is May 2023. APS failed to mark the account as being in litigation.

31. CCU reinvestigation results and continued reporting contains information that is materially misleading and thus, inaccurate. See *Shaw v. Experian Information Solutions, Inc.,* concluded that an item of information on a consumer's credit report is "inaccurate" if it either is patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 891 F.3d, 749, 756 (9th Cir. 2018)

32. CCU and APS verified the disputed information without account-level documentation which is a violation of the FCRA.

33. The FCRA section 1681s-2(b) contemplates three potential ending points to a re-investigation: verification of accuracy, a determination of inaccuracy or incompleteness, or a determination that the information *"cannot be verified."* See 15 USC 1681s-2(b)(1)(E).

34. When Equifax, TransUnion, and Experian's re-investigation results said "verified" that was a violation because CCU didn't possess account-level documentation such as proof.

35. As the FCRA does not define "verify" or "investigation," we must look to the ordinary meaning of those terms. *See United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020, 2024 (2008)) ("When a term is undefined, we give it its ordinary meaning."); *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain the ordinary meaning, courts often turn to dictionary definitions for guidance.").

36. The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something"; (2) "the process of research, examination, etc., required

to prove or establish authenticity or validity"; (3) "a formal assertion of the truth of something, as by oath or affidavit"; and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782-83 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113 (2d ed.1993). "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary*1793 (10th ed. 2014) ("**verify** vb. (14c) **1.** To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. **2.** To confirm or substantiate by oath or affidavit; to swear to the truth of."). Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at 430 (quoting *Am. Heritage Dictionary* 920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

37. A reasonable jury could find a violation of § 1681s-2(b) where APS and CCU "d[id] not look beyond the information contained in the [internal data file] and never consult[ed] underlying documents such as account applications"); *Hinkle v Midland (11ᵗʰ Cir 2016)*.

38. Verification might be accomplished by uncovering documentary evidence that is sufficient to prove that the information is true. *See Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004).

39. When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn to whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will normally be reserved for trial.

40. Regulating agencies such as the Consumer Financial Protection Bureau and the Federal Trade Commission provide guidelines regarding "Reasonable Policies and Procedures Concerning the Accuracy and Integrity of Furnished Information". See 12 CFR 1022.42.

41. This particular Code of Federal Regulation contains "appendix E" which further demonstrates "Interagency Guidelines Concerning the Accuracy and Integrity of Information Furnished to Consumer Reporting Agencies" clearly outlining the " (i) nature, scope and objectives of policies and procedures, (ii) establishing and implementing policies and procedures, (iii) specific components of policies and procedures".

42. Discovery will show that CCU and APS fails to have reasonable policies and procedures in place to ensure the accuracy and integrity of it's reporting on the plaintiff.

43. CCU and APS has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that has been disseminated to various persons and credit grantors, both known and unknown from at least May of 2023 through the present.

44. As a result of the claims stated herein, the Plaintiff has experienced denials of credit and extension of credit.

45. CCU and APS failed to conduct a reasonable investigation and continues to report the inaccurate information, causing the plaintiff harm.

46. The plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, denial of credit, stress, anxiety, headaches, and sleeplessness, as a result of the defendants conduct.

47. CCU and APS's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s-2(b) of the FCRA.

## CLAIMS FOR RELIEF

### Count 1: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) against Defendants Consumer Credit Union and Arbor Professional Solutions Inc

48. Plaintiff adopts and realleges the foregoing as fully restated herein.

49. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

50. On or around June of 2024 the Plaintiff submitted disputes to Equifax, Transunion, and Experian disputing multiple inaccuracies that he noticed from each defendants including the payment history, the balance, the status, the date of first delinquency on APS, and the duplicate reporting of each account. Each defendant in turn verified the inaccurate information that they were reporting.

51. It is evident that Defendant failed to fully conduct a reasonable investigation of the Claimant's dispute after said dispute was furnished to CCU and APS by Equifax, Transunion, Experian's as required by 15 U.S.C. § 1681s-2(b)(1)(A).

52. APS and CCU has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed conduct an investigation with respect to the disputed information.

53. As a result of the above-described violation to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

54. Defendant CCU's and APS's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

55. As a result of CCU's and ASP's violations of 15 U.S.C. §1681s-2(b)(1)(A), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

56. The defendants violative conduct was intentional, willful and negligent.

57. The violation by APS and CCU was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the defendants was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

**58.** Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from CCU and APS pursuant to 15 U.S.C. § 1681n and § 1681o.


### Count 2: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(B) against Defendants Consumer Credit Union & Arbor Professional Solutions Inc

59. Plaintiff adopts and realleges the foregoing as fully restated herein.

60. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and Trans Union, and to notate the disputed information as disputed to Equifax, Experian and Trans Union.

61. In his dispute the Plaintiff told the defendants of the inaccuracies that were reporting including the balance, the duplicate reporting, the payment history, the status, and the inaccurate date of first delinquency being reported by APS.

62. When the Plaintiff submitted his dispute to Equifax, Experian and Trans Union, used a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher- customers such as the defendants. It is an automated system and the procedures used by the CRAs are systemic and uniform.

63. When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

64. The ACDV form used by which APS and CCU has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

65. Based on the manner in which Equifax, Experian and Trans Union responded to-or did not respond to Claimant's dispute, representing that the defendants had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Equifax, Experian and Trans Union did in fact forward the Plaintiff's dispute via an ACDV to the defendants.

66. APS and CCU understood the nature of the Plaintiff's dispute when it received the ACDV from Equifax, Experian and Trans Union.

67. Notwithstanding the above, APS and CCU follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all APS and CCU does is review its own internal computer screen for the account and repeat back to the ACDV system the same information the defendants already had reported to the CRAs.

68. When APS and CCU receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is accurate.

69. As a result of the defendant's violations of 15 U.S.C. §1681s-2(b)(1)(B), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

70. The violations by the defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, the defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

71. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count 3: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(C) against Defendant Consumer Credit Union & Arbor Professional Solutions Inc**

72. Plaintiff adopts and realleges the foregoing as fully restated herein.

73. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information to the consumer reporting agencies after the dispute.

74. Further review of the dispute results showed the balance remains inaccurate for CCU on Equifax, TransUnion and Equifax. The balance history for CCU is inaccurate and incomplete. On the CCU account on Equifax the credit limit is not reporting, the date closed is missing, On Transunion the terms are inaccurate, the monthly payment is inaccurate, the balance is inaccurate, and on Experian the balance is inaccurate, the status

is inaccurate, the monthly payment is missing, and the balance payment history is inaccurate. CCU failed to mark the account as being in litigation.

75. Further review of the dispute results showed the payment history remained inaccurate for APS. The date of first delinquency is reporting as April 2023 for APS which is inaccurate as the date of first delinquency is May 2023. APS failed to mark the account as being in litigation.

76. As a result of CCU's and ASP's violations of 15 U.S.C. §1681s-2(b)(1)(C), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

77. The violations by the defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, APS and CCU were negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

78. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from the defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

### Count 4: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(D) against Defendants Consumer Credit Union & Abor Professional Solutions Inc

79. Plaintiff adopts and realleges the foregoing as fully restated herein.

80. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies after a dispute including Equifax, Trans Union and Experian and other consumer reporting agencies known and unknown.

81. As a result of CCU's and ASP's violations of 15 U.S.C. §1681s-2(b)(1)(D), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to

benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

82. The violations by the defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, each defendant was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

83. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from the defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

## Count 5: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(E) against Defendants CCU and APS

84. Plaintiff adopts and realleges the foregoing as fully restated herein.

85. Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

86. The defendants failed to accurately correct and update or delete the plaintiff's information subsequent to receiving plaintiff's disputes from Experian, Trans Union and Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(E).

87. Defendant CCU failed to report the current status of the account being "in dispute" which is materially misleading and thus, inaccurate.

88. As a result of the above-described violation to §1681s-2(b)(1)(E), the Plaintiff suffered actual damages, including but not limited to denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

89. The defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

90. Defendants each violative conduct was intentional, willful and negligent.

91. The violation by each defendant was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, CCU and APS was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

92. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from the defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

93. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from each defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

## Count 6: Violations of 15 U.S.C 1692 against Defendant Arbor Profesional Solutions

94. Plaintiff adopts and realleges the foregoing as fully restated herein.

95. According to 15 U.S.C 1692e A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A)the character, amount, or legal status of any debt; or

**(8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed dcbt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

96. APS is a debt collector as defined by 15 U.S.C 1692a(6).

97. APS received the debt from defendant CCU on or around November 2023. Aps began reporting this account on the Plaintiff's report. APS began reporting a duplicate account on the plaintiff's credit report making it seem as if he had two delinquent accounts when it was in fact only one delinquent account. APS reported a different balance, a different account number, a different date of first delinquency making it appear that it was a separate account from CCU who was the original creditor. Despite receiving a dispute from the plaintiff displaying that the account was reporting inaccurately and duplicate the defendant APS continued to report the account inaccurately while attempting to collect the debt from the Plaintiff.

98. APS is in violation of the Fair Debt Collection Practices Act as follows:

99. APS in violation of 15 U.S.C 1692e(2) of the FDCPA by using false and deceptive means and representation in an attempt to collect a debt by falsely representing the character and legal status of a debt. APS attempted to collect on a debt by using duplicate reporting which made it seem as if the Plaintiff had two different debts. APS did this knowingly in an attempt to coerce the plaintiff into paying the debt. Furthermore, the account from CCU went into litigation in or around May of 2024. APS failed to mark the account in litigation on the Plaintiff's credit report

even after the Plaintiff notified them in his dispute that this account was in court and needs to be marked as in litigation which is misleading and damages the Plaintiff's credit score.

100. APS is in violation of 15 U.S.C 1692e(8) of the FDCPA by communicating credit information that they knew was false. APS in their attempt to collect on the debt reported an account at the same time as the original creditor CCU on the Plaintiff's credit report yet the account did not match with the information from the original creditor. APS reported a different and inaccurate date of first delinquency, a different balance, and a different account number making it appear as if the account was a completely separate account from the account the original creditor CCU was reporting. APS continued to communicate these inaccurate accounts to the credit reporting agencies, and third parties known and unknown to the Plaintiff.

101. APS is in violation of 15 U.S.C 1692e(10) of the FDCPA by using false and deceptive means and representation in an attempt to collect a debt from the Plaintiff.

102. APS is in violation of 15 U.S.C. § 1692f which barres the "use [of] unfair or unconscionable means to collect or attempt to collect any debt". APS reporting of the inaccurate duplicate account was unfair and caused the Plaintiff much harm.

103. APS is in violation of 15 U.S.C. § 1692d by using conduct that was the natural consequence to harass, oppress, and abuse the Plaintiff in connection with the collection of a debt. After the defendant APS received the Plaintiff's dispute that they were double reporting the debt on the Plaintiff's credit report, APS still failed to correct or delete the account. This negligent was abusive, and a tact to harass the Plaintiff in hopes that he would pay the debt.

104. As a result of ASP's multiple violations under 15 U.S.C. §1692, the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the

erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

105. Defendants each violative conduct was intentional, willful and negligent.

106. As a result of the above violations of the FDCPA, the Defendant are liable to the Mr. Webster for the following:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S,C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3); E. For such other and further relief as the Court may deem just and proper.

### **PRAYER FOR RELIEF**

Plaintiff, Myron Webster prays for:

a.   Actual damages of $1000 per each FCRA violation under 15 USC § 1681n and 15 USC § 1681o

b.   Statutory Damages of $1000 per each FCRA violation pursuant to 15 USC §1681n(a)(1)(A)

c.   Punitive Damages Pursuant to 15 USC 1681n

d.   Actual damages pursuant to 15 U.S,C 1692k(1)(2);

e.   Statutory damages pursuant to 15 U.S.C 1692k(2);

f.   Cost pursuant to 15 U.S.C 1692k(3);

g.  Enter judgment in favor of Plaintiff and against the Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by the arbitration agreement;

h.  Any cost associated with the action of this case.

i.  For such other and further relief as the Court may deem just and proper.

Date: 08/02/2024                                      Myron Webster

                                                     Adress:9180 West Walden Drive,

                                                     Belleville Mi 48111

                                                     Phone:734-239-2947

                                                     Email: myroncase8@gmail.com

| January 2020 | February 2020 | March 2020 | April 2020 | May 2020 | June 2020 | July 2020 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

| August 2020 | September 2020 | October 2020 | November 2020 | December 2020 | January 2021 | February 2021 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

| March 2021 | April 2021 | May 2021 | June 2021 | July 2021 | August 2021 | September 2021 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

| October 2021 | November 2021 | December 2021 | January 2022 | February 2022 | March 2022 | April 2022 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

| May 2022 | June 2022 | July 2022 | August 2022 | September 2022 | October 2022 | November 2022 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

| December 2022 | January 2023 | February 2023 | March 2023 | April 2023 | May 2023 | June 2023 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | 30 | 60 |

| July 2023 | August 2023 | September 2023 | October 2023 | November 2023 | December 2023 | January 2024 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| 90 | 120 | 120 | C/O | C/O | C/O | C/O |

| February 2024 | March 2024 | April 2024 |
|---|---|---|
| Rating | Rating | Rating |
| C/O | C/O | C/O |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARBOR PROFESSIONAL SOLUTIONS 123305····

## Account Information

| | |
|---|---|
| **Address** | 2090 S MAIN STREET ANN ARBOR MI 481C |
| **Phone** | (800) 741·69! |
| **Date Opened** | 11/01/2023 |
| **Responsibility** | Individual Account |
| **Account Type** | Open Account |
| **Loan Type** | COLLECTION AGENCY/ATTORNEY |
| **Balance** | $1 766 |
| **Date Updated** | 07/19/2024 |

https ·//service transunion com/dss/disclosureCategories page                         30/57

7/26/24  3 09 PM                    View Credit Report ¦ TransUnion Online Service Center

| | |
|---|---|
| **High Balance** | $1 766 |
| **Original Creditor** | CONSUMERS CREDIT UNION L |
| **Past Due** | $1 766 |
| **Pay Status** | >Collection< |
| **Estimated month and year this item will be removed** | 03/2030 |
| **Remarks** | Account information disputed by consumer (FCRA) >PLACED FOR COLLECTION< |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CONSUMERS CREDIT UNION** 9810501****

## Account Information

| | |
|---|---|
| **Address** | 7200 Elm Valley Drive Kalamazoo MI 49009 |

7 26 34 3 09 PM                view Credit Report TransUnion Online Service Center

| | |
|---|---|
| **Phone** | (800) 991-2221 |
| **Monthly Payment** | $0 |
| **Date Opened** | 11/05/2018 |
| **Responsibility** | Individual Account |
| **Account Type** | Installment Account |
| **Loan Type** | AUTOMOBILE |
| **Balance** | $1,922 |
| **Date Updated** | 05/31/2024 |
| **Payment Received** | $0 |
| **Last Payment Made** | 10/19/2023 |
| **High Balance** | $27,616 |
| **Past Due** | $1,922 |
| **Pay Status** | >Charge-off< |
| **Terms** | $0 per month paid Monthly for 75 month |
| **Estimated month and year this item will be removed** | 04/20? |
| **Remarks** | UNPAID BALANCE CHARGED OF |

## Payment History

| November 2018 | December 2018 | January 2019 | February 2019 | March 2019 | April 2019 | May 2019 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

| June 2019 | July 2019 | August 2019 | September 2019 | October 2019 | November 2019 | December 2019 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

## What else should I know?

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reInvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://help.equifax.com/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

## How should I read my dispute results?

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states **"Deleted"**, we have removed it from your credit report and taken steps so it does not reappear.
- If an item states **"Verified as Reported"**, the reporting company has certified it is reporting accurately.
- If an item states **"Updated"**, we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: **The Information you disputed has been updated.**

Updated disputed account information. Additional account information was also updated: **The Information you disputed has been updated as well as other information on this item.**

Disputed information accurate. Updated account information unrelated to the dispute: **The Information you disputed has been verified as accurate, however, Information unrelated to your dispute has been updated.**

Consumer's dispute not specific. Consumer Information verified. Account information updated: **Information on your report has been updated.**

| The Results Of Our Reinvestigation |
| --- |

| Collection Agency Information       (This section includes accounts that have been placed for collection with a collection agency.) |
| --- |

>>> **We have researched the collection account. Account # - *0083 The results are:** THIS CREDITOR HAS VERIFIED TO OUR COMPANY THAT THE BALANCE IS BEING REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: "ADDITIONAL INFORMATION "BALANCE DATE "STATUS DATE. If you have additional questions about this item please contact:   **ARBOR PROFESSIONAL SOLUTIO, INC., 2090 S MAIN ST, ANN ARBOR, MI 48103-5827 Phone: (800) 741-6955**

**ARBOR PROFESSIONAL SOLUTIO  INC. 2090 S MAIN ST ANN ARBOR MI 48103-5827 : (800) 741-6955**

| Account Number | | Date Reported | Date Assigned | Creditor Class | Client Name | | Original Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| *0083 | | 06/2024 | 11/2023 | Financial | ARBOR PROFESSIONAL SOLUTIO | | $1,766 |
| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account | |
| 000007186-DISC | | | | | | | |

(End of Report)

417854171-EMB-0d8b0111000001ef-06282024

| 06/2024 | Unpaid | 04/2023 | **06/2024** | $1,766 | | Individual Account |

## ADDITIONAL INFORMATION:

### Consumer Disputes This Account Information

**Credit Account Information**
(For your security, the last 4 digits of account number(s) have been replaced by *) (This section includes open and closed accounts reported by credit grantors)

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |

>>> **The information you disputed has been updated as well as other information on this item. Account # - *3808 The results are:** THE BALANCE OF THIS ITEM HAS BEEN UPDATED. ADDITIONAL INFORMATION HAS BEEN PROVIDED FROM THE ORIGINAL SOURCE REGARDING THIS ITEM. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *SCHEDULED PAYMENT *DATE OF LAST ACTIVITY *DATE OF 1ST DELINQUENCY *HIGH CREDIT *CHARGE OFF AMOUNT *STATUS *PAST DUE *HISTORICAL ACCOUNT INFORMATION *ACCOUNT HISTORY. If you have additional questions about this item please contact: **CONSUMERS, PO Box 525, Oshtemo, MI 49077-0525 Phone: (800) 991-2221**

**CONSUMERS CREDIT UNION**  PO Box 535 Oshtemo MI 490770525 : 8009912221

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Creditor Classification |
|---|---|---|---|---|---|---|---|
| *3808 | 11/05/2018 | | | 75 Months | Monthly | 66 | |

| Date of Last Reported/Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/28/2024 | $1,922 | $1,922 | 10/2023 | | | 05/2023 | | | $1,766 | | | |

| Status | Type of Account | Type of Loan | | Whose Account | | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|---|---|
| **Charge Off** | Installment | Auto | | Individual Account | | | |

## ADDITIONAL INFORMATION:

### Charged Off Account

### Auto

### Fixed Rate

### Account History with Status Codes

| 04/2024 | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 |
|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L |
| 06/2023 | 05/2023 | 06/2019 | | | | | 5 | 4 | 3 |
| 2 | 1 | 1 | | | | | | | |

4178541171-EMB-0d8b0111000001ef-06282024

(End of Report)
000007186-DISC

## Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 05/24 | $1,922 | $487 | | 09/01/2023 | $27,616 | | | Auto | |
| 04/24 | $1,908 | $487 | | 09/01/2023 | $27,616 | | | Auto | |
| 03/24 | $1,894 | $487 | | 09/01/2023 | $27,616 | | | Auto | |
| 02/24 | $1,880 | $487 | | 09/01/2023 | $27,616 | | | Auto | |
| 01/24 | $1,867 | $487 | | 09/01/2023 | $27,616 | | | Auto | |
| 12/23 | $1,854 | $487 | | 09/01/2023 | $27,616 | | | Auto | |
| 11/23 | $1,840 | $487 | | 09/01/2023 | $27,616 | | | Auto | |
| 10/23 | $1,826 | $487 | $25 | 09/01/2023 | $27,616 | | | Auto | |
| 09/23 | $1,837 | $487 | | 06/01/2023 | $27,616 | | | Auto | |
| 08/23 | $1,809 | $487 | | 06/01/2023 | $27,616 | | | Auto | |
| 07/23 | $1,780 | $487 | | 06/01/2023 | $27,616 | | | Auto | |
| 06/23 | $1,742 | $487 | $100 | 06/01/2023 | $27,616 | | | Auto | |
| 05/23 | $1,804 | $487 | $150 | 05/01/2023 | $27,616 | | | Auto | |
| 04/23 | $1,891 | $487 | $490 | 04/01/2023 | $27,616 | | | Auto | |
| 03/23 | $2,364 | $487 | $771 | 03/01/2023 | $27,616 | | | Auto | |
| 02/23 | $3,064 | $487 | $200 | 02/01/2023 | $27,616 | | | Auto | |
| 01/23 | $3,242 | $487 | $490 | 01/01/2023 | $27,616 | | | Auto | |
| 12/22 | $3,680 | $487 | $487 | 12/01/2022 | $27,616 | | | Auto | |
| 11/22 | $4,112 | $487 | $488 | 11/01/2022 | $27,616 | | | Auto | |
| 10/22 | $4,543 | $487 | $488 | 09/01/2022 | $27,616 | | | Auto | |
| 09/22 | $4,969 | $487 | $485 | 09/01/2022 | $27,616 | | | Auto | |
| 08/22 | $5,390 | $487 | $490 | 08/01/2022 | $27,616 | | | Auto | |

(End of Report)
000007186-DISC

Page 5 of 24

417854171-EMB-0d8b0111000001ef-06282024

 **experian.**

Prepared For **MYRON WEBSTER**   **Date generated:** Jul 21, 2024

**CONSUMERS CREDIT UNION**                                    $1,935

**13** potentially negative months                              Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **CONSUMERS CREDIT UNION** | Balance | **$1,935** |
| Account number | **980050XXXX** | Balance updated | **Jun 30, 2024** |
| Original creditor | - | Original balance | **$27,616** |
| Company sold | - | Monthly payment | - |
| Account type | **Auto Loan** | Last Payment Date | **Oct 19, 2023** |
| Date opened | **Nov 05, 2018** | Past due amount | **$1,926** |
| Open/closed | **Closed** | Terms | **75 Months** |
| Status | **Account charged off. $1,767 written off. $1,926 past due as of Jun 2024.** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Oct 2023** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | CO | CO | CO | CO | CO | CO | - | - | - | - | - | - |
| 2023 | ✔ | ✔ | ✔ | ✔ | 30 | 60 | 90 | 120 | 150 | CO | CO | CO |
| 2022 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2021 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2020 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2019 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2018 | - | - | - | - | - | - | - | - | - | - | ✔ | ✔ |



| | | |
|---|---|---|
| ✔ Current / Terms met | CO **Charge off** | 30 Past due 30 days |
| 60 Past due 60 days | 90 **Past due 90 days** | 120 Past due 120 days |
| 150 Past due 150 days | - Data Unavailable | |

### Contact info

| | |
|---|---|
| Address | **7200 ELM VALLEY DR KALAMAZOO, MI 49009** |
| Phone number | **(269) 345-7804** |

### Comments

-



Prepared For **MYRON WEBSTER**   **Date generated:** Jul 21, 2024

# Collection accounts

**ARBOR PROFESSIONAL SOL** $1,766

Original creditor: **CONSUMERS CREDIT UNION - L**

### Account info

| | | | |
|---|---|---|---|
| Account name | **ARBOR PROFESSIONAL SOL** | Balance | **$1,766** |
| Account number | **123305XXXX** | Balance updated | **Jul 12, 2024** |
| Original creditor | **CONSUMERS CREDIT UNION - L** | Original balance | **$1,766** |
| Company sold | **-** | Monthly payment | **-** |
| Account type | **Collection** | Past due amount | **$1,766** |
| Date opened | **Nov 01, 2023** | Terms | **1 Month** |
| Status | **Collection account. $1,766 past due as of Jul 2024.** | Responsibility | **Individual** |
| | | Your statement | **-** |
| Status updated | **Nov 2023** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | C | C | C | C | C | C | C | - | - | - | - | - |
| 2023 | - | - | - | - | - | - | - | - | - | - | - | C |

C  Collection          - Data Unavailable

### Contact info

| | |
|---|---|
| Address | **2090 S MAIN ST ANN ARBOR, MI 48103** |
| Phone number | **(800) 741-6955** |

### Comments

**Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)**

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Myron Webster
9180 West Walden Dr, Belleville Mi 48111

**(b)** County of Residence of First Listed Plaintiff **Wayne**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Arbor Profesional Solutions Inc
Consumers Credit Union

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [X] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | **LABOR** | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violations of the Fair Credit Reporting Act & Fair Debt Collection Practices Act
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
August 2, 2024

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes
                                                                    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously        ☒ Yes
          discontinued or dismissed companion cases in this or any other      ☐ No
          court, including state court? (Companion cases are matters in which
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: State of Michigan Judicial District _____

Case No.: 24;03118 _____

Judge: Brian Oakley _____


Notes :  The case I am filing is of a different matter than the open case regarding a federal matter