UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

——————————

MYRON WEBSTER,

               Plaintiff,

v.

CONSUMERS CREDIT UNION and
ARBOR PROFESSIONAL
SOLUTIONS, INC.

               Defendants.

Case No. 24-12035-JJCG-EAS

HON. JONATHAN J.C. GREY

---

## ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendant, ARBOR PROFESSIONAL SOLUTIONS, INC. ("Arbor"), by and through its attorneys, VARNUM LLP, states as follows for its answer to Plaintiff's Complaint:

## NATURE OF ACTION

1.    Plaintiff brings claims against the defendants pursuant to the Fair Credit Reporting Act (FCRA), 15. U.S.C. §1681 *et seq* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"). Jurisdiction of this court arises under 15 U.S.C. § 1681(P), 15 U.S.C. § 1692 K(d), because a substantial

part of the events, omissions, or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("CCU") and (APS) transact business in Michigan.

**ANSWER: Admitted to the extent Plaintiff alleges it has brought claims under the cited statutes, for all other purposes, this allegation is neither admitted nor denied leaving Plaintiff to his strictest proofs.**

## PARTIES

2.    Plaintiff Myron Webster is a natural person, residing in Wayne County in the State of Michigan.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

3.    Mr. Webster is a "consumer" as defined in 15 U.S.C. § 1681a(c).

**ANSWER: The allegations in this paragraph state a legal conclusion to which no response is required, and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

4.    Upon information and belief, Consumer Credit Union (hereinafter "CCU") is a financial institution and is licensed to do business in the State of Maryland, with a principal address of 7200 Elm Valley Drive Kalamazoo, MI 49077-0525.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

5.    CCU regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with the consumer(s), 15 U.S.C. §1681s-2(b), and is a "furnisher" under the FCRA.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

6.    Arbor Professional Solutions Inc. (hereinafter "APS") is a financial institution with a principal address of 2090 S. MAIN ST. ANN ARBOR, MI 48103 USA.

**ANSWER: Denied that Arbor Professional Solutions, Inc., is a financial institution for the reason that Plaintiff fails to define what a financial institution is or is not. By way of further answer, to the extent the Plaintiff's inference is that a financial institution is a bank or credit union, APS is neither.**

7.    APS regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with the consumer(s), 15 U.S.C. §1681s-2(b), and is a "furnisher" under the FCRA.

**ANSWER: The allegations in this paragraph state a legal conclusion to which no response is required, and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

8.     APS is a debt collector as defined by 15 U.S.C. 1692a(6).

**ANSWER: The allegations in this paragraph state a legal conclusion to which no response is required, and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

9.     Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

## BACKGROUND
## THE FCRA

10.    The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting and that:

> (1)    The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

4

undermine public confidence which is essential to the continued

functioning of the banking system.

(2)     An elaborate mechanism has been developed for investigating

and evaluating the creditworthiness, credit standing, credit

capacity, character, and general reputation of consumers.

(3)     Consumer reporting agencies have assumed a vital role in

assembling and evaluating consumer credit and other

information on consumers.

(4)     There is a need to ensure that consumer reporting agencies

exercise their grave responsibilities with fairness, impartiality,

and respect for the consumer's right to privacy."  15 U.S.C. §

1681.

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

## ALLEGATIONS

11.     Plaintiff adopts and realleges the foregoing as fully restated herein.

**ANSWER: Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.**

12.     The Plaintiff obtained a personal loan from Consumer Credit Union in or around November of 2018.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

13.     At some point thereafter, the Plaintiff was unable to make payments and the account was charged off.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

14.     CCU in turn sent the account to APS in an attempt to try and collect the alleged debt from the Plaintiff in or around November of 2023.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

15.     APS placed the collection account on the Plaintiffs credit report stating that he owed a balance of $1766.

**ANSWER: Neither admitted nor denied leaving Plaintiff to his strictest proofs. By way of further response, Defendant answers that at all times relevant to this**

allegation, **Defendant acted lawfully and in compliance with applicable laws and regulations.**

16.   CCU was also reporting the debt on the Plaintiff's credit report stating that he owed $1922 with Equifax and Transunion and a balance of $1935 with Experian.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

17.   The defendants CCU and APS are reporting these accounts as duplicate accounts on the Plaintiff's consumer report. CCU and APS actions led the plaintiff credit report to state, incorrectly, that Mr. Webster was delinquent on two debts when he was only delinquent on one, and that he had twice the amount of delinquent debt than was truly the case. These accounts from CCU and APS are reporting different balances, different date of first delinquencies, and different account numbers making it appear as if the Plaintiff owes two separate debts instead of one debt to CCU. Furthermore, there is no indication under the comments or remarks section that shows that the account was transferred or sold to APS. The Plaintiff included in his dispute letter that the defendants were reporting the account as duplicate accounts

yet both defendants failed to update the accounts. Furthermore, APS is reporting the account as in dispute on the Plaintiff's credit report yet CCU failed to make the account as being in dispute which makes it seems as if they are two separate debts with one being in dispute and the other is not which is inaccurate and materially misleading.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

18.    The inaccuracy of the duplicate reporting drastically lowered the Plaintiff's credit score and is materially misleading, and affects the Plaintiffs debt to income ratio.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

19.   APS chose to further the false and deceptive representation and means in an attempt to collect a debt by reporting a duplicate account that was inaccurate and

that prevented the credit report from accurately reflecting Plaintiff's true credit worthiness.

**ANSWER: Denied as untrue.**

20.    APS communicated with Equifax, Experian, and multiple third parties credit information that was known to be false due to the Plaintiff's dispute which is a violation of 15 U.S.C. 1692e(8).

**ANSWER: Denied as untrue.**

21.    Equifax, Experian, and Trans Union are national consumer reporting agencies that are in the regular course of business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing reports as defined in 15 U.S.C. § 1681a(d)(1).

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

22.    The consumer reporting agencies are not a party in this case.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

23.    On or about June of 2024, the plaintiff obtained his Equifax, Trans Union and Experian consumer reports.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

24.    At that time, the plaintiff discovered that the information furnished by CCU and ASP on the consumer reports were incomplete and inherently inaccurate.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

25.    The plaintiff disputed the completeness and accuracy of the account on or about June of 2024.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

26.    On or about July of 2024, the plaintiff received dispute results from Equifax, Transunion, and Experian (Exhibit A).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further**

response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.

27.     After reviewing the dispute results, the Plaintiff discovered that CCU failed to mark the account as being in dispute on his Equifax, Transunion, and Experian report.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

28.     CCU's failure to not mark the account as being in dispute materially lowers the plaintiff's credit score by failing to note Plaintiff's dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

**ANSWER: The referenced citation speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced citation as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

29.     Further review of the dispute results showed the balance remains inaccurate for CCU on Equifax, TransUnion and Equifax. The balance history for

CCU is inaccurate and incomplete. On the CCU account on Equifax the credit limit is not reporting, the date closed is missing. On Transunion the terms are inaccurate, the monthly payment is inaccurate, the balance is inaccurate, and on Experian the balance is inaccurate, the status is inaccurate, the monthly payment is missing, and the balance payment history is inaccurate. CCU failed to mark the account as being in litigation.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

30.     Further review of the dispute results showed the payment history remained inaccurate for APS. The date of first delinquency is reporting as April 2023 for APS which is inaccurate as the date of first delinquency is May 2023. APS failed to make the account as being in litigation.

**ANSWER: Denied as untrue.**

31.     CCU reinvestigation results and continued reporting contains information that is materially misleading and thus, inaccurate. See *Shaw v. Experian Information Solutions, Inc.,* concluded that an item of information on a consumer's credit report is "inaccurate" if it either is patently incorrect" or is "misleading in such

a way and to such an extent that it can be expected to adversely affect credit decisions." 891 F.3d, 749, 756 (9th Cir. 2018).

**ANSWER: The referenced citation speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced citation as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

32.    CCU and APS verified the dispute information without account-level documentation which is a violation of the FCRA.

**ANSWER: Denied as untrue.**

33.    The FCRA section 1681s-2(b) contemplates three potential ending points to a re-investigation: verification of accuracy, a determination of inaccuracy or incompleteness, or a determination that the information *"cannot be verified."* See 15 USC 1681s-2(b)(1)€.

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

34.    When Equifax, TransUnion, and Experian's re-investigation results said "verified" that was a violation because CCU didn't possess account-level documentation such as proof.

13

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

35.     As the FCRA does not define "verify" or "investigation," we must look to the ordinary meaning of those terms. *See United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020, 2024 (2008) ("When a term is undefined, we give it its ordinary meaning."); *United States v. Lopez,* 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain the ordinary meaning, courts often turn to dictionary definitions for guidance.").

**ANSWER: The referenced citations speak for themselves, and to the extent the allegations of this paragraph are inconsistent with the referenced citations as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

36.     The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something"; (2) "the process of research, examination, etc., required to prove or establish authenticity or validity"; (3) "a formal assertion of the truth of something, as by oath or affidavit"; and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander,*

*Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782-83 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113 (2d ed.1993). "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary* 1793 (10th ed. 2014) (**verify** vb. (14c) 1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. **2.** To confirm or substantiate by oath or affidavit; to swear to the truth of."). Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at 430 (quoting *Am. Heritage Dictionary*920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

**ANSWER: The referenced citations speak for themselves, and to the extent the allegations of this paragraph are inconsistent with the referenced citations as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

37.     A reasonable jury could find a violation of § 1681s-2(b) where APS and CCU "d[id] not look beyond the information contained in the [internal data file] and never consult[ed] underlying documents such as account applications"); *Hinkle v Midland (11th Cir 2016)*.

**ANSWER: The referenced citations speak for themselves, and to the extent the allegations of this paragraph are inconsistent with the referenced citations as**

**properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

38.   Verification might be accomplished by uncovering documentary evidence that is sufficient to prove that the information is true. *See Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004).

**ANSWER: The referenced citation speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced citation as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

39.   When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn to whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will normally be reserved for trial.

**ANSWER: This allegation appears to assert a legal conclusion although no statute or legal citation is referenced and no response is required. Any remaining allegations of this paragraph are denied as untrue.**

40.   Regulating agencies such as the Consumer Financial Protection Bureau and the Federal Trade Commission provide guidelines regarding "Reasonable Policies and Procedures Concerning the Accuracy and Integrity of Furnished Information". See 12 CFR 1022.42.

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

41.    This particular Code of Federal Regulation contains "appendix E" which further demonstrates "Interagency Guidelines Concerning the Accuracy and Integrity of Information Furnished to Consumer Reporting Agencies" clearly outlining the "(i) nature, scope and objectives of policies and procedures, (ii) establishing and implementing policies and procedures, (iii) specific components of policies and procedures".

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

42.    Discovery will show that CCU and APS fails to have reasonable policies and procedures in place to ensure the accuracy and integrity of its reporting on the plaintiff.

**ANSWER: Denied as untrue.**

43.    CCU and APS has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that has been disseminated to various person and credit grantors, both known and unknown from at least May of 2023 through the present.

**ANSWER: Denied as untrue.**

44.    As a result of the claims stated herein, the Plaintiff has experienced denials of credit and extension of credit.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

45.    CCU and APS failed to conduct a reasonable investigation and continues to report the inaccurate information, causing the plaintiff harm.

**ANSWER: Denied as untrue.**

46.    The plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, denial of credit, stress, anxiety, headaches, and sleeplessness, as a result of the defendants conduct.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further**

response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.

47.   CCU and APS's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s-2(b) of the FCRA. **ANSWER: Denied as untrue.**

## CLAIMS FOR RELIEF

### Count 1: Violation of the FCRA. 15 U.S.C. §1681s-2(b)(1)(A) against Defendants Consumer Credit Union and Arbor Professional Solutions Inc

48.   Plaintiff adopts and realleges the foregoing as fully restated herein.

**ANSWER: Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.**

49.   The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

50.　　On or around June of 2024 the Plaintiff submitted disputes to Equifax, Transunion, and Experian disputing multiple inaccuracies that he noticed from each defendants including the payment history, the balance, the status, the date of first delinquency on APS, and the duplicate reporting of each account. Each defendant in turn verified the inaccurate information that they were reporting.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

51.　　It is evident that Defendant failed to fully conduct a reasonable investigation of the Claimant's dispute after said dispute was furnished to CCU and APS by Equifax, Transunion, Experian's as required by 15 U.S.C. § 1681s-2(b)(1)(A).

**ANSWER: Denied as untrue.**

52.　　APS and CCU has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed conduct an investigation with respect to the disputed information.

**ANSWER: Denied as untrue.**

53.    As a result of the above-described violation to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

**ANSWER: Denied as untrue.**

54.    Defendant CCU's and APS's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

**ANSWER: Denied as untrue.**

55.    As a result of CCU's and ASP's violations of 15 U.S.C. §1681s-2(b)(1)(A), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

**ANSWER: Denied as untrue.**

56.    The defendants violative conduct was intentional, willful and negligent.

**ANSWER: Denied as untrue.**

57.    The violation by APS and CCU was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the defendants was [sic] negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

**ANSWER: Denied as untrue.**

58.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from CCU and APS pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER: Denied as untrue.**

## Count 2: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(B) against Defendants Consumer Credit Union & Arbor Professional Solutions Inc

59.    Plaintiff adopts and realleges the foregoing as fully restated herein.

**ANSWER: Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.**

60.    Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and Trans Union, and to notate the disputed information as disputed to Equifax, Experian and Trans Union.

**ANSWER: Denied as untrue.**

61.    In his dispute the Plaintiff told the defendants of the inaccuracies that were reporting including the balance, the duplicate reporting, the payment history, the status, and the inaccurate date of first delinquency being reported by APS.

**ANSWER: Denied as untrue.**

62.    When the Plaintiff submitted his dispute to Equifax, Experian and Trans Union, used a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher- customers such as the defendants. It is an automated system and the procedures used by the CRAs are systemic and uniform.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

63.    When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation,**

Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.

64.    The ACDV form used by which APS and CCU has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

65.    Based on the manner in which Equifax, Experian and Trans Union responded to-or did not respond to Claimant's dispute, representing that the defendants had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Equifax, Experian and Trans Union did in fact forward the Plaintiff's dispute via an ACDV to the defendants.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

66.     APS and CCU understood the nature of the Plaintiff's dispute when it received the ACDV from Equifax, Experian and Trans Union.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

67.     Notwithstanding the above, APS and CCU follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all APS and CCU does is review its own internal computer screen for the account and repeat back to the ACDV system the same information the defendants already had reported to the CRAs.

**ANSWER: Denied as untrue.**

68.     When APS and CCU receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is accurate.

**ANSWER: Denied as untrue.**

69.     As a result of the defendant's violations of 15 U.S.C. §1681s-2(b)(1)(B), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower

credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

**ANSWER: Denied as untrue.**

70.    The violations by the defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, the defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

**ANSWER: Denied as untrue.**

71.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER: Denied as untrue.**

**<u>Count 3: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(C) against Defendant Consumer Credit Union & Arbor Professional Solutions Inc</u>**

72.    Plaintiff adopts and realleges the foregoing as fully restated herein.

**ANSWER: Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.**

73.    Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information to the consumer reporting agencies after the dispute.

**ANSWER: Denied as untrue.**

74.    Further review of the dispute results showed the balance remains inaccurate for CCU on Equifax, TransUnion and Equifax. The balance history for CCU is inaccurate and incomplete. On the CCU account on Equifax the credit limit is not reporting, the date closed is missing, On Transunion the terms are inaccurate, the monthly payment is inaccurate, the balance is inaccurate, and on Experian the balance is inaccurate, the status is inaccurate, the monthly payment is missing, and the balance payment history is inaccurate. CCU failed to mark the account as being in litigation.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, Defendant answers that at all times relevant to this allegation, Defendant acted lawfully and in compliance with applicable laws and regulations. Any allegation to the contrary is denied as untrue.**

75.    Further review of the dispute results showed the payment history remained inaccurate for APS. The date of first delinquency is reporting as April 2023 for APS which is inaccurate as the date of first delinquency is May 2023. APS failed to mark the account as being in litigation.

**ANSWER: Denied as untrue.**

76.   As a result of CCU's and ASP's violations of 15 U.S.C. §1681s-2(b)(1)(C), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

**ANSWER: Denied as untrue.**

77.   The violations by the defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, APS and CCU were negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

**ANSWER: Denied as untrue.**

78.   Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from the defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER: Denied as untrue.**

### Count 4: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(D) against Defendants Consumer Credit Union & Arbor Professional Solutions Inc

79.   Plaintiff adopts and realleges the foregoing as fully restated herein.

**ANSWER: Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.**

80.    Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies after a dispute including Equifax, Trans Union and Experian and other consumer reporting agencies known and unknown.

**ANSWER: Denied as untrue.**

81.    As a result of CCU's and ASP's violations of 15 U.S.C. §1681s-2(b)(1)(D), the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

**ANSWER: Denied as untrue.**

82.    The violations by the defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, each defendant was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

**ANSWER: Denied as untrue.**

83.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from the defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER: Denied as untrue.**

## Count 5: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(E) against Defendants CCU and APS

84.    Plaintiff adopts and realleges the foregoing as fully restated herein.

**ANSWER: Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.**

85.    Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

86.    The defendants failed to accurately correct and update or delete the plaintiff's information subsequent to receiving plaintiff's disputes from Experian, Trans Union and Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(E).

**ANSWER: Denied as untrue.**

87.     Defendant CCU failed to report the current status of the account being "in dispute" which is materially misleading and thus, inaccurate.

**ANSWER: Denied as untrue.**

88.     As a result of the above-described violation to §1681s-2(b)(1)(E), the Plaintiff suffered actual damages, including but not limited to denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

**ANSWER: Denied as untrue.**

89.     The defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

**ANSWER: Denied as untrue.**

90.     Defendants each violative conduct was intentional, willful and negligent.

**ANSWER: Denied as untrue.**

91.     The violation by each defendant was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, CCU and APS was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

**ANSWER: Denied as untrue.**

92.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from the defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER: Denied as untrue.**

93.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from each defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER: Denied as untrue.**

### Count 6: Violations of 15 U.S.C 1692 against Defendant Arbor Professional Solutions

94.     Plaintiff adopts and realleges the foregoing as fully restated herein.

**ANSWER: Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.**

95.     According to 15 U.S.C. 1692e A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of-

(A) the character, amount, or legal status of any debt; or

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed <u>debt</u> is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER: The referenced statute speaks for itself, and to the extent the allegations of this paragraph are inconsistent with the referenced statute as properly interpreted under applicable law, those allegations are denied as untrue. Any remaining allegations of this paragraph are denied as untrue.**

96.     APS is a debt collector as defined by 15 U.S.C 1692a(6).

**ANSWER: The allegations in this paragraph state a legal conclusion to which no response is required, and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

97.     APS received the debt from defendant CCU on or around November 2023. Aps began reporting this account on the Plaintiff's report. APS began reporting a duplicate account on the plaintiff's credit report making it seem as if he had two delinquent accounts when it was in fact only one delinquent account. APS reported a different balance, a different account number, a different date of first delinquency making it appear that it was a separate account from CCU who was the original creditor. Despite receiving a dispute from the plaintiff displaying that the account

33

was reporting inaccurately and duplicate the defendant APS continued to report the account inaccurately while attempting to collect the debt from the Plaintiff.

**ANSWER: Denied as untrue.**

98.    APS is in violation of the Fair Debt Collection Practices Act as follows:

**ANSWER: Denied as untrue.**

99.    APS in violation of 15 U.S.C 1692e(2) of the FDCPA by using false and deceptive means and representation in an attempt to collect a debt by falsely representing the character and legal status of a debt. APS attempted to collect on a debt by using duplicate reporting which made it seem as if the Plaintiff had two different debts. APS did this knowingly in an attempt to coerce the plaintiff into paying the debt. Furthermore, the account from CCU went into litigation in or around May of 2024. APS failed to mark the account in litigation on the Plaintiff's credit report even after the Plaintiff notified them in his dispute that this account was in court and needs to be marked as in litigation which is misleading and damages the Plaintiff's credit score.

**ANSWER: Denied as untrue.**

100.    APS is in violation of 15 U.S.C 1692e(8) of the FDCPA by communicating credit information that they knew was false. APS in their attempt to collect on the debt reported an account at the same time as the original creditor CCU on the Plaintiff's credit report yet the account did not match with the information

from the original creditor. APS reported a different and inaccurate date of first delinquency, a different balance, and a different account number making it appear as if the account was a completely separate account from the account the original creditor CCU was reporting. APS continued to communicate these inaccurate accounts to the credit reporting agencies, and third parties known and unknown to the Plaintiff.

**ANSWER: Denied as untrue.**

101.  APS is in violation of 15 U.S.C 1692e(10) of the FDCPA by using false and deceptive means and representation in an attempt to collect a debt from the Plaintiff.

**ANSWER: Denied as untrue.**

102.  APS is in violation of 15 U.S.C. § 1692f which barres the "use [of] unfair or unconscionable means to collect or attempt to collect any debt". APS reporting of the inaccurate duplicate account was unfair and caused the Plaintiff much harm.

**ANSWER: Denied as untrue.**

103.  APS is in violation of 15 U.S.C. § 1692d by using conduct that was the natural consequence to harass, oppress, and abuse the Plaintiff in connection with the collection of a debt. After the defendant APS received the Plaintiff's dispute that they were double reporting the debt on the Plaintiff's credit report, APS still failed

to correct or delete the account. This negligent was abusive, and a tact to harass the Plaintiff in hopes that he would pay the debt.

**ANSWER: Denied as untrue.**

104.   As a result of ASP's multiple violations under 15 U.S.C. §1692, the Plaintiff suffered actual damages, including but not limited to denial of credit, loss of chance to benefit from credit, damage to credit reputation, lower credit score, loss of time, anxiety due to the erroneous violations from the defendants which has led to headaches and sleepless nights, emotional distress, and mental and physical pain.

**ANSWER: Denied as untrue.**

105.   Defendants each violative conduct was intentional, willful and negligent.

**ANSWER: Denied as untrue.**

106.   As a result of the above violations of the FDCPA, the Defendant are [sic] liable to the Mr. Webster for the following:

   A. Judgment for the violations occurred for violating the FDCPA;

   B. Actual damages pursuant to 15 U.S.C. 1692k(1)(2);

   C. Statutory damages pursuant to 15 U.S.C. 1692k(2);

   D. Cost pursuant to 15 U.S.C. 1692k(3);

   E. For such other and further relief as the Court may deem just and proper.

**ANSWER: Denied as untrue.**

Respectfully submitted,

VARNUM LLP
Attorneys for Arbor Professional
Solutions, Inc.

Dated:  August 26, 2024          By: */s/  Steven T. Buquicchio*
                                        Steven T. Buquicchio (P62076)
                                        Jeffrey D. Koelzer (P78602)
                                    BUSINESS ADDRESS & TELEPHONE:
                                        Bridgewater Place
                                        P.O. Box 352
                                        Grand Rapids, MI 49501-0352
                                        (616) 336-6000

## <u>AFFIRMATIVE DEFENSES</u>

NOW COMES Defendant ARBOR PROFESSIONAL SOLUTIONS, INC. ("Arbor" or "Defendant"), by and through its attorneys, VARNUM LLP, and states the following defenses:

1. Plaintiff lacks standing as he has suffered no injury-in-fact as the result of any act or omission by Defendant.

2. Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

3. The alleged act or omission of Defendant giving rise to Plaintiff's alleged FDCPA claims, which Defendant denies occurred, was not intentional and was the result of a bona fide error notwithstanding responsible procedures implemented by Defendant to avoid any such error.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his alleged damages, if any.

5. Any damages sustained by Plaintiff, which Defendant denies exist, were not proximately caused by any act or omission of Defendant.

6. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

7.     Defendant asserts that Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of consent, estoppel, waiver, unclean hands, laches or other equitable doctrines.

8.     Plaintiff has failed to state a claim upon which relief may be granted.

9.     Plaintiff's claims are barred due to his failure to demonstrate inaccuracy and incompleteness.

10.     Plaintiff's claims are barred due to his failure to demonstrate legally cognizable damages as a result of any acts or omissions by Defendant.

11.     The alleged act or omission of Defendant giving rise to Plaintiff's alleged FCRA claims, which Defendant denies occurred, was not intentional or willful and was the result of a bona fide error notwithstanding responsible procedures implemented by Defendant to assure compliance.

12.     As Plaintiff's claims are brought in bad faith or for harassment, or to multiply the proceedings, Defendant seeks attorney's fees against Plaintiff and/or Plaintiff's counsel pursuant to FDCPA § 1692k(a)(3) and/or 28 U.S.C. § 1927.

13.     Defendant reserves the right to add to or amend this list of defenses up to and including the time of trial.

Respectfully submitted,

VARNUM LLP
Attorneys for Arbor Professional
Solutions, Inc.


Dated:  August 26, 2024                    By: */s/  Steven T. Buquicchio*
                                             Steven T. Buquicchio (P62076)
                                             Jeffrey D. Koelzer (P78602)
                            BUSINESS ADDRESS & TELEPHONE:
                                             Bridgewater Place
                                             P.O. Box 352
                                             Grand Rapids, MI 49501-0352
                                             (616) 336-6000


26075474.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 26, 2024, I served *Answer to Complaint and Affirmative Defenses* with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all ECF participants registered to receive notice, and served Plaintiff by United States First-Class Mail at:

Myron Webster
9180 West Walden Drive
Belleville, MI  48111

**VARNUM LLP**
Attorneys for Arbor Professional
Solutions, Inc.

By: *<u>/s/  Steven T. Buquicchio</u>*
      Steven T. Buquicchio (P62076)