UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MYRON WEBSTER,

    Plaintiff,

v.

CONSUMER CREDIT UNION,
ARBOR PROFESSIONAL SOLUTIONS INC,

    Defendants.

Civil Action No. 2:24-cv-12035

HON. Jonathan J.C. Grey

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT CONSUMERS CREDIT UNION'S MOTION TO COMPEL ARBITRATION**

---

### I. PLAINTIFF'S RESPONSE WAS UNTIMELY AND SHOULD BE STRICKEN.

Defendant Consumers Credit Union filed and served the instant Motion on August 27, 2024. Plaintiff's response to the Motion was therefore due 14 days later on September 10, 2024. E.D.Mich. L.R. 7.1(e)(1)(A). Plaintiff did not file a response to the Motion until September 13, 2024. His response was therefore untimely and should not be considered by this Court.

## II. PLAINTIFF'S CLAIMS MUST BE ARBITRATED.

### A. The arbitrator must decide if Plaintiff's claims are subject to arbitration.

First and foremost, the interpretation of the parties' agreement to arbitrate was delegated to the arbitrator. Consequently, the arbitrator, and not the Court, must decide whether the arbitration provision covers Plaintiff's claims.

In general, whether the parties are bound by a given arbitration provision raises a "question of arbitrability" for a court to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). However, the parties may, through a "delegation provision," agree that the _arbitrator_ will decide not only the merits of their dispute, but also threshold or "'gateway' questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." See *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S.Ct. 524, 529, 202 L Ed.2d 480 (2019). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center*, 561 U.S. at 70. Where there is clear and unmistakable evidence that the parties agreed to arbitrate such gateway issues, courts must respect the decision of the parties as set forth in the arbitration provision and refer all arbitrability questions to

arbitration. *Henry Schein, Inc.* at *531*. This is true even when the arguments as to a particular claim's arbitrability are "wholly groundless." *Id.* at 529.

Here, the arbitration agreement delegates the interpretation of the arbitration agreement to the arbitrator: "Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions." See Exhibit C to Motion, page 19. As such, the issue of whether the arbitration provision covers Plaintiff's claims is for the arbitrator, not the court, to decide and this Court should compel arbitration.

### B. The arbitration agreement covers Plaintiff's claims.

Assuming, *arguendo*, this Court must decide the issue of arbitrability, then this Court should compel arbitration because Plaintiff's claims fall within the parameters of the arbitration agreement. Plaintiff attempts to narrow the issues before the Court by arguing that his claims relate solely to his auto loan, but Plaintiff's claims actually relate to the Credit Union's reporting of its experience with Plaintiff to certain consumer reporting agencies. As such, Plaintiff's claims arise out of his membership with the Credit Union and the relationship of the parties, as provided in the Membership and Account Agreement. As is further explained below, his claims are therefore subject to arbitration.

Courts must "rigorously enforce" arbitration agreements according to their terms. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S.Ct. 2304,

186 L.Ed.2d 417 (2013) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213,221, 105 S.Ct. 1238, 84 L.Ed.2d 403 (2010)). "Any doubts concerning the scope of arbitral issues must be resolved in favor of arbitration." *Dean Witter Reynolds*, 470 U.S. at 220 (citing *Moses H. Cone Memorial Hospital v Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct.927, 74 L.Ed.2d 765 (1983)). The parties agreed to this broad interpretation of the arbitration agreement when they expressly agreed that "[a]ny questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in <u>the broadest way the law will allow</u> it to be enforced." See Exhibit A to Motion, page 19, emphasis added.

    The arbitration agreement at issue here broadly covers any claims relating to Plaintiff's membership, including the services related to his membership, and any disputes that Plaintiff may assert against the Credit Union:

> Agreement to Arbitrate Disputes. Either you or we may elect, without the other's consent, to require that any dispute between us concerning your membership, your deposit accounts ("Accounts") and the services related to your membership and Accounts, including but not limited to all disputes that you may raise against us, must be resolved by binding arbitration, except for those disputes specifically excluded below. [See Exhibit C to Motion, page 19.]

It further provides that "[a]ny claim or dispute relating to or arising out of your Accounts or our relationship will be subject to arbitration regardless of whether that dispute arose before or after your receipt of this notice." *Id.*

Plaintiff's claims in this action relate to the Credit Union's reporting of his loan account to consumer reporting agencies. He alleges that the Credit Union is a "furnisher" under 15 U.S.C. §1681s-2(b) and that the Credit Union failed to report his account as disputed to Equifax, Transunion, and Experian; is inaccurately reporting Plaintiff's balance on his account; and is not reporting other information. ECF No.1, PageId. 2, 5. Plaintiff therefore claims that his consumer report is inaccurate. *Id*.

The Membership and Account Agreement, which contains the arbitration provision at issue, provides for "OTHER RULES APPLICABLE TO YOUR MEMBERSHIP AND ACCOUNTS." See Motion Exhibit C, page 15. Among the rules regarding Plaintiff's membership is a disclosure that the Credit Union will report Plaintiff's auto loan to the consumer reporting agencies:

> Negative Information Notice. We may report information about your accounts to credit bureaus. Late payments, missed payments, insufficient funds transactions or other defaults on your account may be reflected in your credit report. [*Id*.]

Plaintiff and the Credit Union therefore agreed that the Credit Union would make reports to the consumer reporting agencies at issue and Plaintiff's dispute specifically relates to that reporting. As such, Plaintiff's dispute relates to the rules related to his membership and his accounts with the Credit Union. Plaintiff therefore: 1) makes a dispute related to his membership with the Credit Union; 2) raises a

dispute against the Credit Union; and 3) makes a claim arising out of, or relating to, his relationship with the Credit Union; and his claims therefore fall squarely within the parameters of the arbitration agreement. Plaintiff's claims must therefore be arbitrated.

Dated: September 18, 2024

Respectfully submitted,

**HOLZMAN LAW, PLLC**

/s/Michael V. Krempa
CHARLES J. HOLZMAN (P35625)
MICHAEL V. KREMPA (P76494)
28366 Franklin Road
Southfield, MI 48034
T: (248) 352-4340
mkrempa@holzmanlaw.com
Attorneys for Defendant Consumers Credit Union, only

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2024, I electronically filed the foregoing and any exhibits with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record. I further certify that copies of the foregoing were mailed to the following parties via first class mail with postage fully prepaid:

Myron Webster
9180 West Walden Drive
Belleville, MI 48111

/s/Samantha Kennedy
Samantha Kennedy, Legal Assistant